**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

YANET AGUERO BAYATE                                     CASE NO.  6:26-CV-00436 SEC P

VERSUS                                                  JUDGE ROBERT R. SUMMERHAYS

ICE                                                     MAGISTRATE JUDGE AYO

**MEMORANDUM ORDER**

Presently pending in this matter is a MOTION TO APPOINT COUNSEL [Doc. 3)] and a MOTION TO TERMINATE MANDATORY ICE DETENTION [Doc. 2] filed by *pro se* Petitioner Yanet Aguero Bayate.  Bayate's Section 2241 petition relates to an immigration removal proceeding. She is subject to a final order of removal [Doc. 1, p. 4, §11(b)], yet she seeks release as she has been in custody for more than six months following the final removal order.  [*Id.* at p. 6].

"[R]emoval proceedings are 'civil, not criminal in nature.'" *Gonzalez-Reyes v. Holder*, 313 F. App'x 690, 696 (5th Cir. 2009) (quoting *Sewani v. Gonzales*, 162 F. App'x 285, 288 (5th Cir. 2006) (per curiam)). Accordingly, "an alien has no Sixth Amendment right to effective counsel during removal proceedings." *Rodriguez-Salazar v. Sessions*, 691 F. App'x 173, 174 (5th Cir. 2017) (per curiam) (quoting *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006)). However, pursuant to 18 U.S.C. §3006A(a)(2)(B), "a [financially—eligible habeas] petitioner should be appointed counsel when 'the interests of justice so require.'" *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011) (per curiam) (concerning federal post-conviction proceedings; quoting 18 U.S.C. § 3006A(a)(2)(B)).

The Court finds that under Section 3006A(a)(2)(B), the interests of justice do not currently require that the Court appoint counsel for Bayate in this matter.  Bayate's filings demonstrate that she is able to adequately represent herself; the issues presented are not particularly complex; and this matter does not involve novel legal issues. *See Self v.*

*Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985); *Schwander v. Blackburn*, 750 F.2d 494, 502-03 (5th Cir. 1985). Thus, the Court finds her motion should be denied.  However, the motion is denied without prejudice. Should circumstances change as this litigation proceeds, Bayate may renew her motion if there is a proper showing that the interests of justice require appointment of counsel. The Court may also consider appointing counsel on its own motion.

Furthermore, contemporaneously with the issuing of this Order, the Court is ordering service of the Petition on the Respondent, who will have the opportunity to file its Response to Petitioner's claims.  As such, the Motion to Terminate Mandatory ICE Detention will be denied at this time.

Accordingly,

**IT IS ORDERED** that Petitioner Yanet Aguero Bayate's MOTION TO APPOINT COUNSEL [Doc. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Yanet Aguero Bayate's MOTION TO TERMINATE MANDATORY ICE DETENTION [Doc. 2] is **DENIED**.

THUS DONE AND SIGNED in chambers this 10th day of March, 2026.

David J. Ayo
United States Magistrate Judge